# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TIMARRA BRADY, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civ. Action File No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| HARRIS VENTURES INC. D/B/A STAFF ZONE and VCC LLC | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| DEFENDANTS. | ) ) ) | |

## COMPLAINT

Plaintiff Timarra Brady hereby files this Complaint against Harris Ventures Inc. d/b/a Staff Zone ("Staff Zone") and VCC LLC ("VCC" collectively "Joint Employers" or "Defendants"). Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1. This action is for sexual harassment, and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), and related state-law claims. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs. Plaintiff further invokes pendant jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide claims arising under the laws of the State of Georgia for assault, battery, negligent supervision, and negligent retention.

## JURISDICTION AND VENUE

2.     Ms. Brady's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3.     This Court has pendant jurisdiction over Ms. Brady's claims arising under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367.

4.     This Court is an appropriate venue for all of Ms. Brady's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3), because all of the parties reside within the Northern District of Georgia, and a substantial majority of events giving rise to Ms. Brady's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

5.     Ms. Brady filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC").  A true and accurate copy of the Charge is attached hereto as Exhibit "A" and is incorporated herein.

6.     Ms. Brady filed a timely Amended charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC").  A true and accurate copy of the Charge is attached hereto as Exhibit "B" and is incorporated herein.

7. Ms. Brady received a notice of right to sue from the EEOC within ninety (90) days of filing this Complaint and has complied with all other conditions precedent to the institution of this lawsuit. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "C" and is incorporated herein.

## PARTIES

8. Ms. Brady is a citizen of the United States and a resident of the State of Georgia. Ms. Brady subjects herself to the Court's jurisdiction.

9. Ms. Brady was a joint employee of Joint Employers at all times material to this Complaint.

4. Ms. Brady is a female and a member of a protected class under Title VII.

5. Ms. Brady was an employee of Joint Employers at all times material to this Complaint, concluding with their unlawful retaliatory termination.

6. Staff Zone is licensed to do business in Georgia. This defendant transacts business in the Northern District of Georgia.

7. Staff Zone is subject to this Court's jurisdiction and may be served with process through its registered agent for service of process.

8. VCC is an LLC licensed to do business in Georgia. VCC transacts business in the Northern District of Georgia.

9.     VCC is subject to this Court's jurisdiction and may be served with process through its registered agent for service of process.

## STATEMENT OF FACTS

10.    Joint Employers are subject to the anti-discrimination and anti-retaliation provisions of Title VII.

11.    Joint Employers individually employ 15+ employees for each working day in each of twenty or more calendar weeks from 2018 throughout 2020.

12.    Collectively Joint Employers employ well over 15 employees for each working day in each of twenty or more calendar weeks throughout 2020.

13.    At all times material to this Complaint, Joint Employers had control over both Plaintiffs' employment and the terms and conditions thereof.

14.    Joint Employers are true joint employers.  Upon information and belief, each Defendant had authority to exercise control over the terms and conditions of Plaintiffs' employment, specifically but not limited to Plaintiff's job assignments, hours, pay, benefits, promotional opportunities, and each had the ability to hire and fire Plaintiff.

15.    Ms. Brady began employment with Staff Zone as a temporary worker.

16.    On or around November 7, 2019 Staff Zone assigned Ms. Brady to work as a general laborer for VCC at a large construction project in the Reynoldstown area.

17. This was intended to be a long-term assignment.

18. However, on Plaintiff's second day she was cleaning, and a co-worker came up to her and physically grabbed her breast. He said, "Your nipple is shining".

19. Plaintiff didn't know the co-worker and she responded, "Don't touch me."

20. Plaintiff immediately reported this sexual harassment to the Staff Zone supervisor who instead of investigating the incident sent Plaintiff home.

21. Following Plaintiff's complaint of sexual harassment, she was not recalled to the VCC job site any further and was eventually no longer placed on jobs by Staff Zone.

22. Neither Joint Employer ever articulated any reason for Plaintiff not receiving further work.

## COUNT I
### Sexual Harassment in Violation of Title VII

23. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

24. As a woman, Plaintiff is a member of protected groups.

25. As detailed above, throughout her employment with Joint Employers, Plaintiff was subjected to sexual harassment and hostile work environment by Joint Employers employees and management.

26. All of the above conduct by Defendants' employees and management were unwelcome, offensive, and intimidating to Plaintiff, and open and obvious in the workplace.

27. Plaintiff complained that the sexually harassing conduct was unwelcome.

28. At all times relevant to this action, Defendants knew or should have known of the sexual harassment endured by Plaintiff and the existence of a sexually harassing work environment and failed to meaningfully remedy the workplace environment in order to protect Plaintiff.

29. Defendants willfully and wantonly disregarded Plaintiff's rights, were undertaken in bad faith, and constitute unlawful intentional gender and race discrimination in violation of Title VII.

30. As a result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities.

## COUNT II
### Retaliation in Violation of Title VII

31. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

32. Plaintiff engaged in protected activities protected under Title VII by making complaints of sexual harassment.

33. As a result of her complaints, Plaintiff suffered adverse employment actions including, but not limited to removal from the VCC job and ultimately termination.

34. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

35. Defendants' willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination and retaliation against Plaintiff was undertaken in bad faith.

36. As a result, Plaintiff is entitled to both equitable and monetary relief.

## COUNT III
### Assault and Battery

37. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

38. Plaintiff's co-worker's grabing Plaintiff's breast constitutes assault and battery.

39. Defendants knew that Plaintiff was likely to be subjected to sexually harassing comments and the open and obvious nature of Defendants employees conduct in the workplace.

40. Defendants failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment.

41. Because of Defendants' negligent supervision and retention, Defendant ratified the co-worker's behavior.

42. Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

## COUNTS IV AND V
### Negligent Retention and Negligent Supervision

43. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

44. At all times material to this Complaint, Defendants owed a legal duty of care toward their employees to exercise reasonable care and prudence in the hiring, supervision, and retention of its employees.

45. By and through the conduct, actions, and malfeasance cited above, Defendants breached the above described legal duties of care that it owed to Plaintiff.

46. Defendants knew that Plaintiff was being subjected to sexually harassing comments and harassing conduct because of Plaintiff's repeated complaints of sexual harassment and the open and obvious nature of Defendants' conduct in the workplace.

47. Defendants failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment.

48. Because of Defendants' negligent supervision and retention, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

**WHEREFORE**, Plaintiff demands an arbitration and the following relief:

(a) cause process to issue;

(b) issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII and state law;

(c) grant Plaintiff a permanent injunction enjoining Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

(d) grant Plaintiff judgment in her favor and against Defendants under all Counts of this Complaint;

(e) order Defendants to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages,

salary, employment benefits or other compensation denied or lost as a result of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) grant to Plaintiff liquidated damages for Defendants' willful violations of Title VII;

(g) grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations; and

(h) grant such additional relief as the adjudicating officer(s) deem proper and just.

Respectfully submitted on this 22nd day of April, 2021.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050

THE MIXON LAW FIRM
1691 Phoenix Blvd., Suite 150
Atlanta, Georgia 30324
Phone: 770-955-0100
steve@mixon-law.com